IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRIEG SHIPPING II AS, §<br>Plaintiff, §<br>§<br>v. §<br>§<br>§  C.A. No. _____<br>M/V MARY ANN HUDSON, *in rem*, her §  Admiralty 9(h)<br>engines, tackle, apparel, etc.; MARY ANN §<br>HUDSON, LLC AND U.S. UNITED OCEAN §<br>SERVICES, LLC. §<br>Defendants. § | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Grieg Shipping II AS, and files its Original Verified Complaint against the M/V MARY ANN HUDSON, her engines, tackle, etc., *in rem*, her registered owner Mary Ann Hudson, LLC, and vessel manager/operator U.S. United Ocean Services, LLC, *in personam*, and would respectfully show as follows:

### JURISDICTION

1. This Court has admiralty jurisdiction under 28 U.S.C. § 1333 and Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### PARTIES AND SERVICE OF SUMMONS

2. Plaintiff, Grieg Shipping II AS is an entity organized under the laws of a foreign state, with its principal place of business at Grieg-Gaarden, C. Sundts gate 17-19, 5004 Bergen, Norway. Plaintiff is the registered owner of the M/V STAR GRIP (IMO No. 8420787).

22102: 4PCLH2139.WAD

3. Defendant, M/V MARY ANN HUDSON (IMO No. 7821154), *in rem*, is a United States flagged cargo vessel. The Court has jurisdiction over the vessel *in rem* because a letter of undertaking as security substitute for the *res* is located in this District.

4. Defendant Mary Ann Hudson, LLC is a corporation organized under the laws of the State of Delaware. Mary Ann Hudson, LLC is a foreign corporation that has not registered to do business in Texas, but at all times material conducted business in Texas within the meaning of Section 17.042 of the Texas Civil Practice & Remedies Code and may be served with process in Texas by way of the Texas Secretary of State pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

5. Defendant U.S. United Ocean Services, LLC is a corporation organized under the laws of the State of Florida. U.S. United Ocean Services, LLC is a foreign corporation that has not registered to do business in Texas, but at all times material conducted business in Texas within the meaning of Section 17.042 of the Texas Civil Practice & Remedies Code and may be served with process in Texas by way of the Texas Secretary of State pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

### FACTS

6. On June 6, 2012, at approximately 05:21 LT, the M/V MARY ANN HUDSON got underway from the Port of Houston City Dock No. 21 transiting outbound in the Houston Ship Channel.

7. At approximately 05:30 LT, the outbound M/V MARY ANN HUDSON allided with the M/V STAR GRIP while the M/V STAR GRIP was moored at Port of Houston City Dock No. 23.

8. The allision caused damage to the cargo cranes onboard the M/V STAR GRIP.

9. At the time of the allision the M/V MARY ANN HUDSON was underway and in navigation under her own power.

10. At the time of the allision the M/V STAR GRIP was properly moored to the dock and not underway or otherwise in navigation.

11. At the time of the allision M/V STAR GRIP was a stationary object that was visible to the crew of the M/V MARY ANN HUDSON.

12. At the time of the allision the M/V STAR GRIP was preparing for the continuation of cargo operations.

13. At the time of the allision the M/V STAR GRIP was properly illuminated with deck floodlights and red warning lights on her gantry crane jibs.

### NEGLIGENCE UNDER GENERAL MARITIME LAW

14. The M/V MARY ANN HUDSON and her owner and operator owed Plaintiff a legal duty under the general maritime law to observe the standards of good and prudent seamanship and exercise reasonable care when navigating the ship channel to avoid the risk of an allision. The M/V MARY ANN HUDSON and her owner and operator also had a statutory duty to follow navigational rules-of the-road to avoid the risk of an allision. Defendants breached these duties by failing to maintain a proper lookout, failing to navigate the channel at a safe speed, failing to take timely action in order to pass the moored M/V STAR GRIP at a safe distance, failing to use all available means to avoid the risk of an allision and other acts of negligence which will be shown more particularly at trial. These acts and omissions on the part Defendants caused the M/V MARY ANN HUDSON to allide with the M/V STAR GRIP and caused damage to the Plaintiff.

15. Plaintiff invokes the rule in *The OREGON* which creates a presumption of fault against a vessel who under her own power allides with a stationary object. 158 U.S. 186 (1895).

### DAMAGES

16. As a result of negligence on the part of Defendants M/V MARY ANN HUDSON, *in re*m, her owner and operator, Plaintiff sustained money damages in excess of $4,480,112.00 representing the cost to repair the M/V STAR GRIP, loss of hire, surveying costs, additional operating costs and interest which remain unpaid and continue to accrue as of the filing of this suit.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this honorable Court enter judgment against Defendants for the amount of Plaintiff's claim including prejudgment interest, post-judgment interest, court costs, and all other relief as justice and equity allow.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax
durham@easthamlaw.com - Email

*Attorneys for Plaintiff Grieg Shipping II AS*

STATE OF TEXAS      §
                    §
COUNTY OF HARRIS    §

## VERIFICATION

1. I am a member of the law firm Eastham, Watson, Dale & Forney, L.L.P., counsel for the Plaintiff.

2. The facts alleged in the foregoing Complaint are true and correct based upon my information and belief. The basis of my information and belief is the information from Plaintiff, Grieg Shipping II AS, and from reviewing various documents and materials provided by Plaintiff.

3. The authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this Verification on Plaintiff's behalf.

4. Pursuant to Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims, I verify that the facts alleged in the foregoing Complaint are true and correct.

_____
William A. Durham

SWORN TO AND SUBSCRIBED TO BEFORE ME under my hand and official seal of office this 28th day of February, 2014.

_____
Notary Public, State of Texas

CAROL HENDRICKS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 31, 2014